CORNELIA E. CLEMENT et al.

*v.*

ANNE M. E. CREVELING et al.

[Decided July 8th, 1913.]

Where, in a prior suit to construe a will in the same court, it had been determined that testator's residuary estate was not to be distributed until the death of a certain life tenant, such decision, unappealed from, was conclusive on the same court, and ·hence a subsequent bill to terminate a trust and distribute the property prior to the death of such tenant was premature.

On final hearing on bill, answers and proofs.

*Mr. Aaron V. Dawes,* for the complainants.

*Mr. Alfred Reed,* for the defendants Josephine Ellison et al.

·*Mr. Gilbert Collins,* for the defendant Anne M. E. Creveling.

*Mr. Richard Stockton,* for the defendant Mercer Hospital.

*Mr. Peter Backes,* for the defendant Gardner H. Cain, executor, et al.

*Mr. Fergus A. Dennis,* for the defendant Emma Chambers.

WALKER, CHANCELLOR.

The bill in this case is filed for the construction of the will of the late Albert J. Whittaker. The questions propounded concern the time of the vesting of certain legacies. The testator, in his will, *inter alia,* provided:

"*Second.* I give to my wife, Margaret A. Whittaker, the use and possession of my residence during her natural life, all the taxes, insurance and repairs thereof to be paid out of my estate. I give to my said wife all my furniture, pictures, silverware, piano and all other articles of use or ornament in said residence. I further give and bequeath to my said wife, in lieu of dower, for and during the term of her natural life, without any power to sell or transfer the same, six hundred shares of the capital stock of the United New Jersey Railroad and Canal Company now standing in my name, with full power and authority to collect and receive to and for her own use and benefit all dividends and interest declared thereon after my death, and I do hereby order and direct that said stock shall not be sold, transferred or exchanged by my executors, or by any other person or persons whatever, during the life of my said wife, but shall be left and remain standing in my name on the company's books, and the dividends thereon paid to my wife alone, or her order, and not to my executors. Out of said dividends and interest I request my said wife to pay to her niece, Emma Chambers, for and during the natural life of the said Emma Chambers, six hundred dollars per annum.

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

"*Sixth.* After the decease of my said wife and niece, I give my estate to my lawful heirs, to be divided equally among them, share and share alike, the lawful child or children of any of them who may have died to take the share of their deceased parent."

The will of the testator was dated July 17th, 1883, and he died March 28th, 1884, leaving him surviving three brothers and one sister, namely, Wesley E. Whittaker, John H. Whittaker, George R. Whittaker and Anne W. Ellison. To each one of them he gave a pecuniary legacy. All are now dead, and the complainants, surviving children of George R. Whittaker, testator's brother, in their bill pray that it may be adjudged that the trust should be terminated and the estate distributed among the persons now entitled thereto under the will, and that it may be adjudged and decreed which of the parties named in the bill are so entitled, and the amounts to which they are entitled.

Under the issue raised between the parties the primary question is as to when, under the sixth item of the will, testator's residuary estate, as it is called, vested, whether at his death in 1884, or upon the death of his last surviving brother, which occurred in 1912. The solution of this query would determine to whom, and in what portion, the estate was to go, whether to the heirs of the testator living at the time of his death, and to

their heirs and legatees, or to such persons as answer the description of the testator's lawful heirs at this time.

Before the question of vesting may be efficaciously decided, it must be determined at what period the estate of the testator is distributable. That question has already been decided in this court in *Whittaker* v. *Whittaker, 40 N. J. Eq. (13 Stew.) 33.* The bill in that case was filed by Wesley E. Whittaker and George R. Whittaker, two of testator's brothers, and the questions therein submitted to this court for its determination were those stated by Chancellor Runyon in his opinion (*13 Stew. 35*) as follows:

"The questions submitted are the following: Whether the testator, in the gift of his estate to his lawful heirs, &c., after the death of his wife and her niece, intended to postpone until the death of those latter persons, the enjoyment of so much of the property as was not to be held for their benefit, and if so, whether such postponement of enjoyment extends to the income as well as the *corpus,* or whether it affects the latter only, and whether, seeing that the executors are possessed of a mere power of sale of the real estate, the heirs-at-law of the testator are not now entitled to that property, subject to the use and enjoyment of the residue by the testator's widow, according to the provisions of the will."

And he went on and decided the matter submitted by the following observations—*13 Stew.* (at *p. 36*):

"They (certain gifts, &c.) make it quite clear that the testator intended to postpone the distribution of all of his estate, except what he had given away in special legacies or directed to be held for the benefit of his wife and her niece, until the death of both of those persons. It is not to be supposed that he would have given those legacies of specific amounts if he had contemplated that those legatees would receive nearly $100,000 more of personal property on the settlement of his estate soon after his death. Nor did he intend to die intestate of any part of his property. He supposed that by his will he had disposed of all of it. The use of the word 'estate' in the residuary clause is very significant. It is as comprehensive a term as he could have employed. He undoubtedly intended that all his

property remaining after paying the debts and legacies and making provision for his wife and her niece, should be held by the executors and accumulated (of course they were to pay therefrom the taxes, insurance premiums and cost of repairs to his residence), until the death of both his wife and her niece, and that his residuary estate should then, but not until then, be divided."

The defendants to that bill were Margaret A. Whittaker (widow of testator), John H. Whittaker and Anne W. Ellison (brother and sister of testator). The bill prayed, among other things, that it might be decreed and determined whether Wesley E. Whittaker and George R. Whittaker (executors named in the will) were appointed thereby trustees, and if so whether the trust estate was to be by them managed and treated as an accumulative trust, and if an accumulative trust, whether the period or term of its accumulation is the natural life of the survivor of the two legatees, Margaret A. Whittaker and Emma Chambers.

A final decree was made and filed in the cause on June 16th, 1885, wherein it was

"Ordered, adjudged and decreed that the devises and bequests in the will of the said Albert J. Whittaker, deceased, made and contained of the residuary estate of him, the said testator, and the trusts in and by the said will declared and created, are valid and effectual in the law, and that the said testator thereby effectually disposed of the said residuary estate by giving the same, after the decease of his wife and niece, to persons designated as his lawful heirs in equal shares, the lawful child or children of any of them who may have died to take the share of their deceased parent. And that the said complainants upon passing their accounts as executors of the said will in the Mercer county orphans court of this state, and upon obtaining the decree of the said court for that purpose, do hold all the rest and residue of the estate of said testator during the lifetime of the said Margaret A. Whittaker and Emma Chambers, and do from time to time invest the same and do collect the income and dividends arising therefrom, and accumulated, and invest and reinvest the same, paying out of said income all the taxes,

insurance and repairs to and upon the homestead of said testator; and after the death of Margaret A. Whittaker do hold during the lifetime of said Emma Chambers five hundred and forty shares of the capital stock of the United New Jersey Railroad and Canal Companies, and collect and invest and reinvest the income thereof accumulatively as above directed, and do hold sixty shares of said stock and collect the dividends declared thereon and pay the same to the said Emma Chambers during her lifetime; and upon the death of the survivor of said Margaret A. Whittaker and Emma Chambers do pay and distribute in equal shares the accumulated funds in their hands to and among the persons entitled thereto under the will."

This decree in *Whittaker* v. *Whittaker* settles the law of the case on the points adjudicated, and settles in this court the question of the time of the distribution of the residuary estate of Albert J. Whittaker; that it is to take place only upon the death of Emma Chambers, who is still living. It is a precedent binding upon me, and one that I am not at liberty to overrule or disregard.

The record in the case of *Whittaker* v. *Whittaker* prevents my making an efficacious decree for distribution at this time, no matter to whom I might decide the estate was distributable, and therefore, upon familiar principles, that question (distribution) will not now be decided. I am by precedent constrained not to give any advisory opinion upon a question only mooted. It is no more appropriate for me to decide how the estate is distributable when I cannot distribute it, than it was for Chancellor Runyon to do so. He very pointedly refrained from expressing any opinion on the question.

It is argued to me that there was no trust for accumulation under the will, and that that bore on the question of present distribution. The answer to that contention is, that Chancellor Runyon decided that there was such a trust. Trusts, like other rights and duties, arise by implication as well as by express creation. Although there is no trust for accumulation expressed in terms in the will of Albert J. Whittaker, yet it arises by implication in aid of the postponement of distribution provided for by him.

It is suggested that although the trust in this case may not have reached its termination by efflux of time, yet all the parties who are or may be interested in it, are *in esse* and *sui juris,* and consent that this court may terminate it and distribute the fund among those entitled. *Male v. Williams, 48 N. J. Eq. (3 Dick.) 33,* and *Huber v. Donoghue, 49 N. J. Eq. (4 Dick.) 125,* are cited as authority for the proposition. Without critically examining those cases and applying the law arising from them to the facts of this case, it is sufficient to say that neither of those decisions was made in the face of a direct adjudication to the contrary upon the same facts in the same court. For me to adjudge that this fund is now distributable would be to overthrow the express decision of Chancellor Runyon to the contrary made in this court twenty-eight years ago.

I do not see why this bill was filed unless for the purpose of putting the case in a posture to be taken to the court of errors and appeals, where the decision in *Whittaker* v. *Whittaker* may be overruled.

The present bill is prematurely filed, and must be dismissed