CORNELIA E. CLEMENT et al.

v.

ANNA M. E. CREVELING et al.

[Argued March 6th, 1914.  Decided June 15th, 1914.]

Testator's will gave to his wife for life the income from six hundred shares of the capital stock of a railroad company.  It directed that out of such income she should pay to her niece, Emma Chambers, during the life of the niece, $600 per annum.  It further provided that "in case of the decease of my wife before that of Emma Chambers, I direct and require my executors to retain sixty shares of the said stock and to pay the interest thereon to the said Emma Chambers during her natural life."  The sixth paragraph provided that "after the decease of my said wife and niece, I give my estate to my lawful heirs, to be divided equally among them, share and share alike, the lawful child or children of any of them who may have died to take the share of their deceased parent."  The testator was survived by his three brothers and his sister, and these, now all deceased, were his heirs-at-law at the time of his death.—*Held*, (1) that upon the death of the wife, though the niece is still living, the testator's residuary estate, excepting the sixty shares of stock held for the benefit of the niece, is distributable in accordance with the sixth paragraph of the will; (2) that by the sixth paragraph of the will the testator's residuary estate vested in his brothers and his sister at the time of the testator's death, subject to the life interest therein of his wife, and the interest of her niece, and upon the death of the wife such part of such estate as is not required to be retained for the benefit of the niece is distributable in equal parts to the respective personal representatives of the testator's brothers and sister.

On appeal from a decree of the court of chancery made by the chancellor, whose opinion is reported in *82 N. J. Eq. 27.*

*Mr. Aaron V. Dawes,* for the complainants and appellants.

*Messrs. Collins & Corbin,* for Anna M. E. Creveling, defendant and appellant.

*Mr. Alfred Reed,* for Josephine Ellison, Harry D. Ellison, Frank E. Ellison, Percy W. Ellison, George H. Ellison, Mary Camp and Fred Camp, defendants and respondents.

*83 N. J. Eq.*     Clement *v.* Creveling.

Mr. *Peter Backes,* for Mary Ann Whittaker, personally and as executor, &c., and Gardner Cain, executor, &c., defendants and respondents.

Mr. *Bayard Stockton,* for the Mercer Hospital, defendant and respondent.

The opinion of the court was delivered by

Trenchard, J.

Albert J. Whittaker died March 28th, 1884, leaving a last will and testament by which he gave to his wife for her natural life, without power to sell or transfer the same, six hundred shares of the capital stock of the United New Jersey Railroad and Canal Company, with power to collect and receive the dividends therefrom for her own use and benefit. He directed that the stock should not be sold or transferred by his executors, or by anybody else, during the life of his wife. He further provided that out of the dividends collected on this stock his wife should pay to her niece, Emma Chambers, for and during the natural life of the niece, $600 per annum. He then provided as follows:

"In case of the decease of my wife before that of Emma Chambers, I direct and require my executors to retain sixty shares of the said stock and to pay the interest thereon to said Emma Chambers during her natural life."

After giving certain specific legacies to persons named in the will, and authorizing his executors to sell and convey his real estate, he provided that

"*Sixth.* After the decease of my said wife and niece, I give my estate to my lawful heirs, to be divided equally among them, share and share alike, the lawful child or children of any of them who may have died to take the share of their deceased parent."

The present bill is filed for the purpose of obtaining a decree directing the immediate distribution of testator's residuary estate, with the exception of sixty shares of this railroad stock,

and to have it declared who is entitled to share in this distribution.

It appears that the testator was survived by his three brothers and his sister. These were his heirs-at-law at the time of his death. They are all now dead, the last dying in 1912. The testator's widow died in 1908. The niece, Emma Chambers, is still living.

The complainants are the children of George R. Whittaker, one of the testator's brothers. The defendant Anna M. E. Creveling is the daughter of Ann W. Ellison, the testator's sister. The other defendants are children of a deceased daughter of George R. Whittaker; children of deceased sons of Ann W. Ellison; the personal representatives and legatees of the testator's other brothers who died without issue; the testator's niece, Emma Chambers; and the trustee under the will.

All parties consent in the pleadings that immediate distribution be made of the entire residuary estate, excepting only the sixty shares of the railroad stock, necessary to be reserved for the benefit of Emma Chambers.

The defendants, whilst consenting to such immediate distribution, make varying claims as to the manner of distribution.

The chancellor properly considered himself bound by an earlier adjudication of Chancellor Runyon in which the construction of the same will was involved (*Whittaker* v. *Whittaker*, *40 N. J. Eq. 33*), and following Chancellor Runyon's adjudication held that the estate was not distributable until after the death both of the testator's wife and of Emma Chambers; and that, this being so, it would be premature to determine who would be entitled to share in the distribution. *88 Atl. Rep. 189.*

The complainants and the defendant Anna M. E. Creveling appeal.

We are of the opinion that the construction put upon this will by Chancellor Runyon was erroneous.

We think it was not the testator's intent that the distribution of the whole of his residuary estate should be postponed until the death, both of his wife and her niece. Standing alone that would be the natural effect of the sixth paragraph of the will.

But to so construe it is to disregard the provisions made for Emma Chambers after the death of the testator's wife. She died in 1908. Upon her death, the will, as will appear from the above citation, imposed a present duty upon the executors, namely, "to retain sixty shares of the said stock." The retention of the sixty shares involves a disposition of the other five hundred and forty shares, and those shares are to be disposed of in accordance with the direction of the testator contained in the sixth paragraph of his will.

That brings us to the question of the manner of distribution.

The primary question is, as to when, under the sixth paragraph of the will, the testator's residuary estate vested.

The solution of this question will determine to whom, and in what portion, the estate is to go, whether to the personal representatives of those who were the heirs of the testator at the time of his death, or to such persons as answer the description of the testator's lawful heirs at this time.

In our opinion, by the sixth paragraph of the will the testator's estate vested in his brothers and sister at the time of the testator's death, subject to the life interest therein of his wife, and the interest of her niece; and upon the death of the wife such part of such estate as is not required to be retained for the benefit of the niece is distributable in equal parts to the respective personal representatives of the testator's brothers and sister.

This case is much like that of *Howell, Exec.,* v. *Greene, Admr., 31 N. J. Law 570,* where the will which was construed provided as follows:

"I give and bequeath unto my sister Martha the interest of $1,000 * * * for her own private use during her natural life, and after her decease I give and bequeath the said $1,000 to her two daughters, namely, Deborah and Sarah, equally to be divided."

Sarah died before the testator; Deborah survived the testator, but died in the lifetime of her mother. The question for determination was whether the legacy to Deborah vested at the death of the testator or whether it depended on the contingency of her surviving her mother. Chancellor Green, who wrote the

opinion in this court, says: "It is a well settled rule of construction that a gift of a legacy 'at,' or 'when,' or 'after' a given event occurs, vests only upon the happening of the event. Apart from the context, the gift to the nieces of the testator after the death of their mother would not vest until their mother's death, and would depend upon the contingency of their surviving her. Where the time is annexed, not to the payment merely, but to the gift itself, the legacy does not vest until the period arrives. On the other hand, it is an equally well settled rule of construction, that where an absolute property in a fund is bequeathed in fractional interests in succession, at periods which must arrive, the interests of the first and subsequent takers will vest together. * * * Where it is apparent from the terms of the will that the future gift is postponed to let in some other interest, the gift is vested."

So also in *Thomas, Exec., v. Anderson's Admr., 21 N. J. Eq. 22,* it was held that "a gift of the interest of $12,000 to A during life, and *at her death,* of the principal to B, is a vested legacy, and if A survives B, goes, upon her death, to B's representative."

See also *Beatty's Admr.* v. *Montgomery's Exec., 21 N. J. Eq. 324,* and *Post* v. *Herberts' Execs., 27 N. J. Eq. 540.*

We think not only on the authority of the cases cited and by the application of the rule set out therein, but by the very language of the sixth paragraph of the will, that the testator's intent that his brothers and sister should take a vested interest is clear. In no other way can the words, "the lawful child or children of any of them who may have died to take the share of their deceased parent" be given force, for if the legacy was contingent and went to those who were the lawful heirs of the testator after the decease of his wife and niece they would all necessarily be *in esse* at the time when the legacy vested.

In *Beatty's Admr.* v. *Montgomery's Exec., 21 N. J. Eq. 324, 327,* Chancellor Zabriskie said: "If a legacy given to one at the death of a person named, is given to another in case such legatee should die, this is held to refer to death in the life of the person at whose death it is given. Such legacy is held to vest at the death of the testator, subject to be divested on the

happening of the event, that is, dying in the life of the person named."

But a legacy is divested only when other disposition is made of the subject of the legacy by the testator in the event of the death of the legatee during the life of "the person named." If this is not so then the testator dies intestate. If there is no one *in esse* to take the gift over then the legacy is not divested by the dying of the legatee in the lifetime of "the person named." Or, stated in another way, if, as in the will of this testator properly construed, there is no gift over on the death of the legatee during the lifetime of "the person named," then there is no divesting of the legacy, and it goes to the personal representative of the legatee, either his executor or administrator, to be distributed under his will or to his next of kin. *Thomas' Exec.* v. *Anderson's Admr., 21 N. J. Eq. 22.*

The result is that the testator's residuary estate, with the exception of the sixty shares of the capital stock of the railroad company held for the benefit of the niece, should be immediately distributed in equal parts to the respective personal representatives of the testator's brothers and sister, to be finally distributed under their respective wills or to their respective next of kin as the case may be.

The decree of the court below will be reversed, and a decree entered in accordance with the conclusions herein expressed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Swayze, Trenchard, Bergen, Minturn, Kalisch, Vredenburgh, White, Heppenheimer—9.