CLEMENT v. WHITTAKER et al.

(Circuit Court of Appeals, Third Circuit.   April 4, 1916.)

No. 2052.

1. WILLS ⬧═▷578(3)—CONSTRUCTION—PROPERTY DEVISED.

By a residuary clause in his will a testator disposed of "all the rest, residue and remainder" of his estate. After his death there was paid to his executors a sum which accrued to him as a residuary legatee under the will of a predeceased brother, distribution of whose estate had been deferred until the termination of a life interest therein.   *Held*, that decedent did not die intestate as to such sum, but that it passed under the residuary clause of his will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1260;  Dec. Dig. ⬧═▷ 578(3).]

2. WILLS ⬧═▷456—RULES OF CONSTRUCTION.

In construing a will, the law ascertains the intention of the testator from the words he uses, construed in their common, ordinary meaning.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 974;  Dec. Dig. ⬧═▷ 456.]

3. WILLS ⬧═▷587(1)—CONSTRUCTION—PROPERTY DEVISED—RESIDUARY CLAUSE.

The test of the power of a residuary clause to carry property is whether the property was the testator's, and not whether he knew it was his.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1279, 1285–1287;  Dec. Dig. ⬧═▷587(1).]

4. WILLS ⬧═▷587(5)—CONSTRUCTION—PROPERTY DEVISED—RESIDUARY CLAUSE.

In the absence of any intention to exclude therefrom, a general residuary clause carries all reversionary interests.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1289, 1290;  Dec. Dig. ⬧═▷587(5).]

Appeal from the District Court of the United States for the District of New Jersey;  Charles P. Orr, Judge.

Suit in equity by Cornelia E. Clement against Mary Ann Whittaker, executrix, and others.   Decree for defendants, and complainant appeals.   Affirmed.

For opinion below, see 225 Fed. 211.

Robert H. McCarter and McCarter & English, all of Newark, N. J. (Gilbert Collins, of Jersey City, N. J., of counsel), for appellant.

Bayard Stockton, of Trenton, N. J. (Peter Backes and Gardner H. Cain, both of Trenton, N. J., of counsel), for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge.   [1-4] This case involves the question whether $123,801.45, in the hands of the executors of Wesley E. Whittaker, shall pass to the Mercer Hospital of Trenton, N. J., as residuary legatee under his will, or to his next of kin under the intestate law.   The facts of the case are fully stated in the opinion of the court below, reported at 225 Fed. 211, and by reference thereto and making it a part of this opinion we avoid needless repetition.   As

we agree with its conclusion, we restrict ourselves to a brief statement of grounds in support of such view. These are:

First. The Court of Errors and Appeals of New Jersey, in Clement v. Creveling, 83 N. J. Eq. 318, 91 Atl. 89, have decreed the fund in controversy passed under the will of Albert J. Whittaker and accrued to the estate of Wesley E. Whittaker.

Second. The fund in question, not being required in Wesley E. Whittaker's estate for legacies or specific bequests, forms part of his residuary estate.

Third. Being part of the residuary estate of Wesley E. Whittaker, the words of clause 11 of his will in their ordinary, common meaning include and carry said fund.

Fourth. Such residuary clause is to be construed as carrying said fund:

(a) Because, in construing such clause, the law takes such words as a testator uses, and ascertains what he meant to say from what words he used; or, as said by the Court of Chancery of New Jersey in Bragaw v. Bolles, 51 N. J. Eq. 84, 25 Atl. 947:

"The inquiry is not what the testator meant to say, but rather what the testator meant by what he did say."

(b) The words used are to be construed in their common, ordinary meaning, or, as said by the Court of Chancery of New Jersey, in Woodruff v. White, 78 N. J. Eq. 412, 79 Atl. 304:

"The words used in a will, as I understand it, must be taken in their natural meaning. The court is called upon to construe what the testator has said, and not to supply language, and thereby make him say that which he did not say."

(c) Whether the testator knew that he owned the fund here in question when he made the residuary bequest is immaterial. The test of the power of the residuary clause to carry property is whether the property was the testator's, and not whether he knew it was his. Dalrymple v. Gamble, 68 Md. 523, 13 Atl. 156; Stannard v. Barnum, 51 Md. 451; Ireland v. Foust, 56 N. C. 501; Bland v. Lamb, 5 Maddock, 250; Perry v. Hunter, 2 R. I. 80.

(d) In the absence of any intention to exclude therefrom, a general residuary clause carries all reversionary interests. Floyd v. Carow, 88 N. Y. 560.

(e) In this case the federal court follows and adopts the construction placed by the Court of Errors and Appeals of New Jersey in Clement v. Creveling, 83 N. J. Eq. 318, 91 Atl. 89, on the will of Albert J. Whittaker, when that court held that the devise to Wesley E. Whittaker was a vested legacy.

It follows, therefore, that the decision and decree of the court below carries into effect the result directed by the Court of Errors and Appeals, when it said in the case last quoted:

"The result is that the testator's residuary estate, with the exception of the 60 shares of the capital stock of the railroad company held for the benefit of the niece, should be immediately distributed in equal parts to the respective personal representatives of the testator's brothers and sister, to be finally distributed under their respective wills, or to their respective next of kin, as the case may be."

In reaching our conclusion, we have not overlooked the contention of counsel that, in view of the decision of the Court of Chancery of New Jersey in Whittaker v. Whittaker, 40 N. J. Eq. 33, being unreversed when Wesley E. Whittaker made his will, we should therefore find that he intended to exclude such contingent interest from his residuary estate. We, however, feel that such holding would be based on surmises and uncertainty. The safe rule is as above stated—to construe what the testator has said, and therefrom determine his intention.

The decree below is affirmed.