JOHN S. BACON, appellant,

*v.*

BELFORD M. BONHAM et al., respondents.

1. A court of equity will give effect to an assignment of an expected legacy executed in the lifetime of the testator, if made for a valuable consideration.

2. In such case, absence of fraud, good consideration and adequacy of price, should be proved, affirmatively, by the party claiming the benefit of the assignment.

On appeal from a decree of the chancellor, reported in *Bacon* v. *Bonham, 12 C. E. Gr. 209.*

*Mr. W. E. Potter,* for appellant.

I. The deed put in evidence by the appellee, purporting to grant, convey and assign a legacy expected by Belford M. Bonham, under and by virtue of the will of John Bonham, having been executed during the lifetime of the said testator, is void as a conveyance or mortgage, both at law and in equity, and passed no rights in and to the legacy therein mentioned to the respondent, Elisha Bonham.

(*a*) Because it purports to assign or mortgage a naked possibility.

(*b*) Because the assignment of a possibility or expected legacy, during the lifetime of the testator, is against public policy. *Boydton* v. *Hubbard, 7 Mass. 112.*

II. Said deed being void *ab initio*, as to said pretended assignment or mortgage, no alleged possession under it could alter its force or strengthen the title of the assignee therein named.

III. There is no proof in the case of possession under said assignment.

*Mr. J. J. Reeves* and *Mr. A. Browning,* for respondents.

The opinion of the court was delivered by

PARKER, J.

The appellant, who was complainant in the court of chancery, was a judgment creditor of Belford M. Bonham.

He filed his bill against Belford M. Bonham and Elisha Bonham. Elisha was made a defendant individually, and also as executor of Jehu Bonham, deceased.

The prayer of the bill is for a decree, subjecting the proceeds of a legacy given to Belford M. Bonham by the will of Jehu Bonham, and alleged to be in the hands of Elisha Bonham, to the payment of the judgments held by the complainant against Belford.

Jehu Bonham executed his last will on the 16th day of December, A. D. 1869, and died on the 25th day of March, A. D. 1875.

The will directed Elisha Bonham, the executor therein named, to sell all the property and put the money at interest.

The interest was to be paid to the widow of the testator during her life, and at her death, one-third of the estate was to go to Belford. She died before the testator. It is this legacy which the appellant seeks to have applied to the payment of his judgments.

The judgments were obtained before the will took effect. The executions issued thereon were returned "wholly unsatisfied, no property having been found whereon to levy."

The claim of the appellant was resisted by Elisha Bonham, on the ground that before the filing of complainant's bill, the legacy given Belford by the will, had been assigned to him by Belford, for a valuable consideration.

The testimony proves that after the execution of the will and before the death of the testator, both Belford and Elisha knew its contents.

The testator had told Belford what disposition he had made of his property. Soon after the execution of the will, the testator became hopelessly insane. Upon inquisition had, he was found to be a lunatic, and Elisha having been appointed his

guardian, the will, with his other papers, came into possession of Elisha before testator's death.

Under these circumstances, Elisha loaned and advanced to Belford, in the lifetime of testator, the sum of $2,000, and took from Belford an assignment, to that extent, of his interest in the expected legacy. This assignment was executed by Belford on the 27th day of March, A. D. 1874.

After reciting the clause of the will in which the legacy is given to Belford, the assignment purports, for the consideration of $2,000, to transfer to Elisha all the right of Belford in the estate and prospective estate of Jehu Bonham, which he has, or will have, to the amount of $2,000 and interest thereon.

That Belford received the $2,000 from Elisha, at or before the execution of the assignment, is not questioned.

No fraud is alleged in the bill, nor is there any attempt to prove fraud, nor even inadequate consideration. In fact, it appears from the evidence, affirmatively, that there was no fraud in the transaction, and also that the proceeds of the legacy given to Belford by the will, did not amount to $2,000.

The assignment was given to the attorney of the parties, with directions to have it recorded after testator's death. After his death and before the filing of the bill by complainant, Belford directed the recording of the assignment, which was at once done.

The contention of the appellant is, that the assignment is not valid, because the legacy it purports to transfer was, at the time, a mere expectancy, and not the subject of assignment, and this is the question for decision in this cause.

Courts of equity give effect to assignments of contingent interests and expectancies. A contingent legacy may become the subject of assignment or contract of sale.

Even a naked possibility, or expectancy of an heir to his ancestor's estate, may become the subject of a contract of sale, if made *bona fide* for a valuable consideration, and will be enforced in equity after the death of the ancestor. *2 Story's Eq. Jur.*, § *1040 ;* see, also, note in *2 Story's Eq.* under § *1040 ; Spence's Eq. Jur.* § *852 &c.*

It is incumbent upon the party dealing with the heir, or expectant, to show affirmatively that there was no fraud, and that an adequate consideration was paid. *1 Story's Eq. Jur.* § *336*.

A deed of assignment of oil, head-matter &c., which *might* be caught and brought home in a certain ship, was held valid in equity· as to the future cargo, and if, after the return of the ship, the master delivered the cargo to the assignee, his title could not be defeated by a judgment creditor of the assignor who took the cargo under an execution. *Langton* v. *Horton, 1 Hare 549*.

An assignment, for a valuable consideration, of demands having no actual existence, but which rest in expectancy merely, is valid in equity as an agreement, and takes effect as an assignment, where the demands intended to be assigned are subsequently brought into existence. *Field* v. *Mayor of N. Y., 2 Seld. 179*.

In a possibility which the parties to the agreement expected would, and which afterwards did, in fact, ripen into an actual reality, an equitable title vests in the assignee. *Ib.*

In *Cook* v. *Field, 15 Q. B. 460*, it was held that an agreement in writing reciting that A was expecting to become seized in fee of an estate, on the death of S., as devisee under her will and contracting to sell all the possibility and expectancy of A in the estate, was not illegal nor contravening public policy.

Under authority of the cases cited, the right of Elisha Bonham, by means of the assignment to him of the proceeds of the expected legacy given to Belford Bonham, was perfect at the time of filing the bill in this cause. A valuable consideration had been paid by him; it appears, affirmatively, that there was no fraud, the testator was dead, the proceeds of the legacy had been reduced to the possession of the assignee; and further, it is proved that after the death of the testator, the precedent contract of assignment was confirmed by the assignor, in directing the paper recorded.

Where, after a contemplated event occurs, the party affirms the precedent contract, courts of equity will hold it binding. *1 Story's Eq. Jur.* § *345*.

The decree of the chancellor dismissing the bill is affirmed, with costs.

*Decree unanimously affirmed.*