## LESLIE M. CAIN

*v.*

## WEBSTER W. BELDEN.

[Decided March 25th, 1922.]

1. A devise in remainder to such of testator's brothers and sisters "as may then be living" at the death of another sister to whom a life estate was devised, is not a "contingent estate or expectancy where the contingency is as to the person in whom, or in whose heirs the same may vest" within the proviso of section 19 of the Conveyance act, there being no uncertainty as to the class to whom the remainder was devised, so that a deed by the remainderman and the life tenant conveyed a good title.

2. Even if a devise in remainder to testator's brothers and sisters living at the death of another sister, to whom was devised a life estate, of all within the proviso of the statute, a deed by the remainderman and the life tenant would operate by way of estoppel to pass a good title.

On final hearing. On bill, &c.

*Messrs. Edwin B. & Philip Goodell,* for the complainant.

*Mr. Arthur H. Bissell,* for the defendant.

BACKES, V. C.

This is a bill for the specific performance of a contract to compel a purchaser of land to pay the purchase price and take title. The answer is that the title is not marketable. The title to the land was formerly in Katherine C. Friedrich and Anna E. Friedrich as tenants in common. Anna died, leaving a last will and testament, in which she devised her one-half interest as follows:

"*Secondly:* I give, devise and bequeath unto my sister KATHERINE C. FRIEDRICH all my estate of every kind and nature, whether real, personal or mixed, and wherever the same may be situated in trust nevertheless for the following uses and purposes.

"To pay to herself during her lifetime or until such time as she may marry the net income thereof or such part of the principal as may be necessary for her maintenance and support. And in the event of her marriage to divide the remainder of my said estate share and share alike between herself and such of my brothers and sisters as may then be living. And upon the death of my said sister, I give, devise and bequeath the remainder of my said estate unto such of my brothers and sisters as may then be living."

Katherine and her brothers and sisters conveyed to the complainant by deed with full covenants. The parents of Anna and Katherine are dead. The point made by the defendant is that the devise of the estate in remainder to "my brothers and sisters as may then be living" (at the death of the life tenant) is a "contingent estate or expectancy where the contingency is as to the person in whom, or in whose heirs, the same may vest," and is within the proviso of section 19 of the Conveyance act (*Comp. Stat. p. 1539*), and that therefore the brothers and sisters could not make title. The point is not sound. There is no uncertainty as to the class, the brothers and sisters, to whom the remainder was devised. The thing uncertain is whether they or some of them will survive the life tenant. *Wilkinson* v. *Sherman, 45 N. J. Eq. 413.* If all the brothers and sisters predecease the life tenant, the devise over will fail, and as to it the deceased will have died intestate, and the estate pass to her heirs-at-law, viz., Katherine and her brothers and sisters, all of whom conveyed to the complainant. The same construction applies to the first contingency, of the remainder vesting upon the marriage of the life tenant.

Even if the case fell within the proviso of the statute, the deed would operate by way of estoppel. *Hopper* v. *Demarest, 21 N. J. Law 525; Wilkinson* v. *Sherman, supra.*

*Cantine* v. *Brown, 46 N. J. Law 599,* cited by the defendant as supporting his contention, was a suit for damages for breach of covenant to purchase land. In the chain of title there was a devise to Hannah, Margaret and Phoebe, daughters of the testator. The devise to Phoebe was held to be a life estate, with power of testamentary disposition, with remainder over, if she died unmarried and failed to exercise the power, "at her de-

37

cease, (to) be equally divided between her sisters, if surviving her, and, if not, among their children." Phoebe and the remaindermen-apparent executed deeds to the plaintiff's lessor. Phoebe was living and unmarried at the time the suit was brought. The court held with the defendant, that the title was defective, obviously, because it was to vest at Phoebe's death, unmarried and intestate, in "her sisters, if surviving, and, if not, among their children." The thing uncertain, besides the uncertainty of the sisters surviving, was, the surviving children. Others might come into being and survive, while those who joined in the conveyance might pass away before the life tenant. There, the contingency was as to the person in whom the estate may vest, and the court so indicated and held that the remaindermen-apparent had nothing to grant.

The complainant is entitled to a decree.