EDMUND B. LEAMING, VIVIAN M. LEWIS, JOHN H. BACKES, JOHN GRIFFIN, JOHN E. FOSTER, MALCOLM G. BUCHANAN, JAMES F. FIELDER, ALONZO CHURCH, ROBERT H. INGERSOLL AND JOHN BENTLEY, VICE-CHANCELLORS.

---

In the matter of the application of ROY U. SMITH for sale of lands limited over.

[Decided July 11th, 1922.]

1. Under a will giving to three-named children the sum of $1,000, the gift to each is $1,000.

2. Where the personal estate is exhausted, leaving nothing for the payment of legacies, and there is nothing in the will to the contrary, the legacies were chargeable upon the lands devised.

3. In theory and contemplation of law it is possible for a woman of any age to have issue, and the courts cannot speculate as to a claimed impossibility.

4. Under a will giving property in trust for the testator's children during their lives, and providing that upon the death of each child one-third of the fund should be distributed to such child's heirs, the trust was for life, with a vested estate in remainder to the heirs, subject to open and let in after-born heirs.

5. Under such a trust, the trust fund cannot be distributed among the children through their living children's consent, as it cannot be ascertained until their death who their heirs will be.

On petition for payment of certain moneys, &c.

*Mr. Simon M. Seley,* for the petitioners.

*Mr. William W. Evans,* for the respondent.

WALKER, CHANCELLOR.

The petition shows that Hiram J. Smith, late of the county of Passaic, departed this life April 29th, and that his will was probated May 12th, 1885; that in item 4 thereof he provided as follows:

"I give and bequeath to my children Sarah Frances Smith, William Henry Smith and Mary Anetta Smith the sum of $1,000 to be paid to the said Sarah and William H. Smith as soon as conveniently can be after my decease and to Mary Anetta Smith in the following manner, that is to say: to her mother my wife Sarah Elizabeth Smith in trust for her until she arrive at the age of 21 years then the principal and accrued interest shall be paid to her."

Item 5 of the will provides, *inter alia,* that upon the death of testator's wife, which has occurred, a fund of $5,000 be set apart in trust for his children during their lives, and upon the death of one of them, a third part thereof to be equally distributed to that child's heirs, and so on till the last child dies. The will further provides that after the death of testator's wife his remaining estate shall be held for his children upon the same trust as that set up for the $5,000. Mr. Smith and his wife left three children, namely, Mary A. S. Anderson, Sarah F. S. Henry and William H. Smith. The petition avers that Mrs. Anderson has no children and that she is forty-seven years of age; that Mrs. Henry is a widow sixty-

three years old, with two children, David Henry, thirty-six years old, and married, and Helen Hanson, a married woman twenty-six years of age; that William H. Smith has two children, Roy U. Smith, thirty-six years of age, and married, and Jennie S. Wainwright, a married woman twenty-six years old.

In these proceedings the lands and premises belonging to the estate of Hiram J. Smith, deceased, were sold, and the net proceeds of sale, amounting to $6,756.38, have been paid into this court, where they still remain. The petition avers that no part of the legacies of *$1,000 each* to Mrs. Anderson and Mrs. Henry, children of the testator, have been paid, and that there are no funds or property of the estate of the testator to satisfy those legacies, except the proceeds of sale above mentioned. It is also averred that David Henry and wife and Helen Hanson and husband, David and Helen being the only children of the petitioner Sarah F. Henry, are willing to consent that the balance of the estate, after the payment of the $1,000 legacies have been made to the above-mentioned daughters of Hiram J. Smith, deceased, be distributed to and among the three legatees above named, upon condition that Roy U. Smith and wife and Jennie S. Wainwright and husband enter into a stipulation consenting thereto; and the prayer is that distribution be ordered accordingly.

Presented with this application is an agreement signed by Sarah F. S. Henry, widow, Mary A. S. Anderson and husband, William H. Smith and wife, and three named parties, being the only children of Hiram J. Smith, deceased; Helen Hanson and husband, the named party being the child of Sarah F. S. Henry; Roy U. Smith and wife, Jennie S. Wainwright and husband, the two named parties being the only children of William S. Smith (all being of full age) consenting to the distribution prayed for in the petition. It will be observed that this agreement is not signed by David Henry and wife, David being the son of Sarah F. S. Henry.

The first question to be solved is, Is the legacy of $1,000 a gift of that amount to each of testator's three children or of that sum to be divided among them?

In *Taylor* v. *Tolen, 38 N. J. Eq. 91,* Chancellor Runyon, quoting the bequest on *p. 93,* which is to the "Rochester New York Theological Seminary and to Hamilton Theological Seminary $10,000," states (at *p. 97*) that a question was raised on this bequest whether the legacy was of $10,000 to both, or of that sum to each, and observed that it was $10,000 to each and not that sum to the two; that the testator did not say, "I give to the two $10,000, but to one and [also] to the other that sum."

This is entirely apposite as a precedent and quite dispositive of the question in favor of the petitioners, who will be paid if the next question, which is, Are these legacies a charge on the testator's lands, and are they distributable out of his residuary estate? is answered in the affirmative. I hold that they are such a charge because there is nothing in the will to the contrary, and as the estate has been settled and they were not paid out of personalty.

A legacy is chargeable upon lands devised by the same will where the personal estate has been exhausted. *Methodist Episcopal Church* v. *Hammell, 73 N. J. Eq. 293.* As the executors of Hiram J. Smith's will have accounted and been discharged, these legacies are payable out of his residuary estate, which is the proceeds of the sale of his lands.

The next question is, Can the children and grandchildren of the testator, who are *in esse* and *sui juris,* efficaciously consent to a distribution of the residue at this time and thus cut off hereafter-born grandchildren and other descendants, if any there may be, from participation in testator's residuary estate?

Counsel endeavor to avoid the doctrine of *Riley* v. *Riley, 92 N. J. Eq. 465,* wherein I held (at *p. 471*) that there is no period in the life of a woman when it is presumed in law that she may not possibly bear children, no matter how old she may be, by asserting that modern medical science seems to have limited the age of motherhood, and that considering the age of Mrs. Henry (sixty-two) ; Mrs. Smith (age not given) and Mrs. Anderson (forty-seven), there is only a remote possibility of either of them having a child in the future, and

that therefore the court may grant the application for a distribution of the residuary estate without fear of any serious complication. No authority for this proposition is referred to, and I cannot adopt it. The court cannot speculate; and the parties cannot make the law, but must follow it.

In theory and contemplation of law it is quite possible that the three children of the decedent may have children in the future. Mrs. Henry, who is a widow, may remarry and bear children. Mrs. Anderson may again become a mother. Mr. Smith's wife likewise.

*In re Clement, 57 Atl. Rep. 724,* Chancellor Magie held that the lands were limited over even after the life tenant reached the age of sixty-eight years, as the remainder would open to admit children subsequently born, and even under such circumstances the birth of issue must be presumed possible, saying in the body of the opinion that Blackstone declared that issue is always presumed to be possible until death, citing *2 Bl. Com. 125.* And the court of errors and appeals in *Oleson* v. *Somogyi, 93 N. J. Eq. 506,* held that it cannot be presumed that a woman sixty-eight years of age has reached a time in her life when she is unable to bear a child, adopting my views expressed in *Riley* v. *Riley, supra.*

This trust estate is one for life in the three children, with vested estate in remainder in their heirs, subject to open and let in after-born heirs. *Heater* v. *Van Auken, 14 N. J. Eq. 159; Miers* v. *Persons, 92 N. J. Eq. 17.*

This suit for the sale of lands limited over, and at the foot of which this application is made, proceeded correctly upon the theory that these lands were limited over to an unascertained class—that is, to persons *in esse* and to those who may come into being. The original petition names the persons who are entitled to vested rights in the lands and avers that those who are entitled to prospective estates therein are "such other children as may be born of the bodies of Mary Annette Smith Anderson, Sarah Frances Smith Henry and William Henry Smith in lawful wedlock begotten." And the master so reports in identical language. The petition should also have averred that the descendants of such children are like-

wise entitled. The order for sale recites that the interest of the owners of the particular and future estates in the lands requires and would be promoted by a sale thereof, and the order confirming sale directs the master to make conveyance and provides "that such conveyance when made in pursuance of this order, shall convey to the said * * * [purchaser], or his nominee, all the estate in said lands held or limited over to any of the persons named designated therein as present or prospective owners in being or not in being."

Therefore, it cannot now be ascertained who will be the heirs of any one of the three children of the testator at the time of his or her death, and the trust fund cannot now be distributed even though the daughter of Mrs. Henry and the children of Mr. Smith have signed, and even though the son of Mrs. Henry were to sign, and he has not. Mrs. Anderson, as stated, has no children. This is not all: When the children of the testator die their children, one or more of them, may be dead and their descendants, if they leave any, would be heirs of their grandparents, testator's children.

We are here dealing with a scheme of distribution to a class (heirs) whose members are to be ascertained at the time of the death of an ancestor—that is, on the death of each one of the children of Hiram J. Smith, the testator. This conclusion makes it unnecessary to answer the fourth question, which is as to the effect of the non-signing of the agreement by Mrs. Henry's son and his wife.

Payment will be made to Mrs. Henry and to Mrs. Anderson of their legacies of $1,000 each, with accumulations thereon; and the residue of the fund will remain in court to be distributed, one-third thereof to the heirs of each of Hiram J. Smith's children upon his or her decease.