The bill seeks the construction of the last will and testament of Edward Elkin, in certain particulars. The matter was heard before the late Vice-Chancellor Foster and partly decided by him. The only question left open by Vice-Chancellor Foster's decision was whether or not a certain deed from Isaac L.F. Elkin to Edna Sperling, dated January 17th, 1908, was a nullity so far as it applied to an after-acquired interest of the grantor in certain real estate passing under the will here involved, and if so, whether or not the heirs of Isaac are now estopped to deny the rights claimed by his grantors.
The matter has been submitted to me upon the pleadings, an agreed state of facts and a transcript of the proceedings before the late Vice-Chancellor Foster.
The testator, Edward Elkin, died in 1866, and by his will devised to his son John Jacob Elkin certain real estate for life. The following is a copy of the third clause of the will:
"Third. On the decease of my said son John Jacob Elkin, I give and devise the said farm and wood lot so given to my said son for his lifetime only, to his children then surviving him equally to be divided share and share alike as tenants in common in fee-simple, and should any of his children have deceased before him, leaving lawful issue at his decease, such issue are to share in the division, and to represent the deceased parent, and to take such share [among them equally if more than one] as the parent would have taken if then living." *Page 256 
The sixth clause of said will reads as follows:
"Sixth. All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath the interest, income and profits of the same to my beloved wife, Jane Maria Elkin, during her lifetime, and at her decease I give, devise and bequeath the said rest, residue and remainder of my estate, real and personal, to my son Isaac L.F. Elkin and my two daughters, Ann Maria, the wife of Joseph Grover, and Jane Adeline, the wife of John P. Wyckoff, their heirs and assigns, in equal shares."
John Jacob Elkin, the life tenant, died on August 16th, 1923. He was predeceased by his daughter, Edna Sperling, who was his only child and who died in 1915, intestate, leaving no issue. John Jacob Elkin, therefore, left no children or issue of deceased children surviving him at the time of his death. Vice-Chancellor Foster held that on the death of John Jacob Elkin without leaving any children or issue of such children surviving him, the title to the lands in question became vested in the residuary legatees named in the sixth clause of the will. On January 17th, 1908, Isaac L.F. Elkin and wife conveyed to Edna Sperling the lands in question by the following language:
"And the said party of the first part herewith fully satisfied, contented and paid, have granted, sold, conveyed, aliened, remised, release, and forever quit-claim, and by these presents do grant, sell, convey, alien, remise, release, and forever quit-claim, unto the said party of the second part, and to her heirs and assigns, all the right, title and interest of the said party of the first part, in and to all that certain farm," c.
It is contended on behalf of the complainants that this deed is ineffective as a conveyance of after-acquired rights of the grantor because of the proviso of section 19 of the Conveyancing act (2 Comp. Stat. p. 1539), excluding from its provisions estates dependent upon a contingency as to persons in whom they might vest. On the other hand, it is contended by the defendants that the after-acquired interest of the grantors comes directly within the provisions of that section, and that the proviso does not apply because the contingency upon which the right was based was as to event and not as to person. *Page 257 
The first question to be determined is as to whether or not the grantor, Isaac L.F. Elkin, had any contingent interest whatever in the land at the date of the conveyance, and if so, upon what contingency that interest was dependent. Vice-Chancellor Foster having decided that upon the death of the life tenant the title to the lands in question vested in the residuary legatees, it would seem to me to follow that Isaac L.F. Elkin must have had some interest in the lands by virtue of the will prior to the death of the life tenant, and as that interest did not vest until the death of the life tenant, it must have been a contingent interest or estate up until that time. That an interest did then vest is now beyond question. It remains to be determined upon what contingency the vesting of this interest was dependent; whether or not it was a contingency as to the person in whom the interest was to vest, or a contingency as to the * * * happening of an event. I think it is plain that whatever right the grantor of this deed had at the time of its execution, whether contingent or otherwise, was conveyed unless prohibited by the statute. Conveyances of contingent rights, except those based upon contingencies as to persons, are specifically authorized by that act. The contingency here, in my judgment, was not as to the person, but the event. The persons who, or whose heirs, were to be residuary legatees under the will, were fixed and determined by the residuary clause. There was no contingency as to these persons. The contingency was as to the event of the death of the life tenant without leaving issue or children of such issue surviving him. Apparently, a remote contingency, but, nevertheless, one which occurred. It was upon this contingency of event that the interest of Isaac L.F. Elkin was dependent. SeeWilkinson v. Sherman, 45 N.J. Eq. 413, and Cain v. Belden,93 N.J. Eq. 576.
In Wilkinson v. Sherman, supra, it was held that a conveyance of a contingent or executory interest which is made lawful by this act (2 Comp. Stat. p. 1539) carries with it the estate which, but for the conveyance, would vest in the grantor upon the happening of the contingency, although *Page 258 
the deed may not contain that which will estop the grantor from claiming an after-acquired estate. It will be noted that the deed purports to convey all the right, title and interest of the grantor. This includes all rights of the grantor, contingent or otherwise, which might be the subject of such a conveyance. It is conceded that but for the conveyance, the heirs of the grantor would now have an interest in the land.
In my judgment, the deed from Isaac L.F. Elkin to Edna Sperling is a good and effectual conveyance of all the rights of the grantor, including the after-acquired interest of the grantor, which is here the subject of controversy. This being so, it is unnecessary to consider the question of the application of the doctrine of estoppel. I will advise a decree in accordance with these conclusions.