The bill of complaint in this cause was previously scrutinized in the consideration of a motion to strike the answer of the defendants. Kahn v. Rockhill, 131 N.J. Eq. 279; 25 Atl. Rep.
2d 4. The pleadings being thereby exposed to examination, the motion addressed to the answer was denied because it seemed evident that the first alleged cause in the bill failed to exhibit a cause of action maintainable by the complainant as the trustee in bankruptcy of the estate of Fred Davis Rockhill. It was accordingly announced that a motion would be entertained to strike the first alleged cause from the bill. Such a motion has now been made and it is ardently resisted on behalf of the complainant. The sufficiency of that part of the bill is now directly challenged and the subject will accordingly be more exhaustively considered.
Succinctly stated, the conclusion previously entertained was that the interest of the bankrupt originating in his ancestor's will was not vested as alleged in the bill but contingent as to the person or persons who shall take at the death of the surviving life tenant and that such an interest did not vest by statute in the trustee in bankruptcy.
To sustain the sufficiency of the bill, it is now proposed (1) that the interest of the bankrupt is vested; (2) if contingent, it is contingent as to event and not as to person; and (3) a theme not previously suggested, that if contingent as to person it is assignable in equity despite our statutory provisions (R.S. 46:3-7) and "transferable" within the meaning of the federal statute (11 U.S.C.A. 110 (a), subsection 5), hence within the grasp of the trustee in bankruptcy. It is therefore requested that the bill (first cause) be permitted to stand albeit the interest of the bankrupt, perhaps, was erroneously described.
The pertinent paragraph of the will was set forth in the former decision but, for convenience, it may be again recited: *Page 190 
"Sixth, — From and immediately after the decease of my said daughter Mary, (and of my said wife, in case she shall survive our said daughter,) I give, devise and bequeath all of the principal of my said residuary estate, of whatever the same may consist and wherever situate, then remaining, unto my grandchildren, children of my said daughter Mary, then living and the issue of any one or more of such grandchildren as shall be then deceased, leaving lawful issue, him, her or them surviving, share and share alike. Such issue to take the parents share or shares."
The Bankruptcy Act, 11 U.S.C.A. § 110, ordains that the trustee in bankruptcy is vested with the title of the bankrupt as of the date of the filing of the petition of bankruptcy to
"(5) property, including rights of action, which, prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him or otherwise seized, impounded or sequestered."
 * * * * * * *
"(7) contingent remainders, executory devises and limitations, rights of entry for condition broken, rights or possibilities of reverter, and like interests in real property, which were nonassignable prior to bankruptcy and which, within six months thereafter became assignable interests or estates or give rise to powers in the bankrupt to acquire assignable interests or estates;"
Our statute (R.S. 46:3-7) concerning the transferability of estates of expectancy contains the following restrictive provisions:
"This section shall not be construed to have empowered or to empower any person to dispose of any expectancy which he may have had or have as heir of a living person, or any contingent estate or expectancy, where the contingency is as to the person in whom, or in whose heirs, the same may vest * * *.
"This section shall not be construed to render any contingent estate or other estate or expectancy herein mentioned liable to be levied upon and sold by virtue of an execution."
The problem initially to be considered is whether the interest of the bankrupt is vested or contingent.
The primary division of remainders is into (a) vested, and (b) contingent. A vested remainder is one in which there is a present fixed right to future enjoyment of the property. A familiar illustration is an estate to X for life, remainder to Y, who is a living person. Here, while Y cannot possess and *Page 191 
enjoy the land until after the death of X, yet his right to such future enjoyment is not affected by any contingency or uncertainty. The interest is unquestionably his. Only his possession of the property in which the interest exists is postponed until the termination of the particular precedent estate.
A contingent remainder is one in which either the person to take it is not in being or not ascertained, or the event upon which it is to be enjoyed is uncertain, or both; and so theright to the future enjoyment of the property is not fixed. Simple illustrations are an estate to X for life, remainder to his unborn son or to such of his children as may be living at the time of his death; an estate to X for ten years, remainder to Y and his heirs forever if he marries Z. A contingent estate is frequently defined as an uncertain right to future enjoyment.
Of course it does not necessarily follow in all cases that every estate in remainder which is subject to a contingency or condition is a contingent remainder. The contingency or condition may be either precedent or subsequent. If the former, the estate is contingent; if the latter, the remainder is vested subject to be divested by the happening of the condition subsequent. To distinguish between a contingent remainder and one that is vested, subject to be divested by a condition subsequent, is often a matter of difficulty, but the general rule recommends that this latter problem can best be considered and determined in each case as a question of construction of the instrument creating the interest. Assuredly, to be a vested remainder, the remainder must be free from all conditions precedent as to it.
In the present case the testator made his testamentary gift to his widow and daughter for life and upon the death of the survivor of them, unto his grandchildren, children of his daughter, then living and the issue of any one or more of such grandchildren as shall be then deceased, leaving lawful issue, to him, her or them surviving, share and share alike. Such issue to take the parents share or shares.
Chancellor McGill, in Wilkinson v. Sherman, 45 N.J. Eq. 413,417; 18 Atl. Rep. 228; affirmed, 47 N.J. Eq. 324;21 Atl. Rep. 955, exemplified this essential distinction *Page 192 
between certain and uncertain takers as follows: "The person who was to take, Frederick, was certain. That which was uncertain and dubious was the happening of the deaths in the order necessary to give him the estate. Sir William Blackstone (2 Blk. Com. 169) defines the case of limitation to a dubious and uncertain person by illustration of a limitation to A for life with remainder to B's eldest son (then unborn) in tail. There the person was uncertain because it could not be said that there would ever be a son of B. He further (at p. 170) defines certainty of person and uncertainty in event by instancing the limitation of land to A for life and in case B survives him, then the remainder to B in fee. B was certain, but the event of his surviving A was uncertain."
Commenting on this decision, Clapp in his volume on Wills andAdministration in New Jersey, states, in section 179 and the subjoined footnote:
"A gift is contingent as to the person where the taker is not born or not ascertained. Persons are unascertained when no one can point out which among living persons, will be surely the sole taker or takers of the gift.
"This may be illuminated by a comparison of a gift to A for life and over to those of his children surviving him; and a gift to A for life and over to his child B if he survives A. In the former case the class of persons who will take cannot be ascertained until A's death, the gift being contingent both as to the persons who take and as to the event of survivorship; in the latter case the person is definitely ascertained and the gift is contingent solely as to event."
The same author says further, in section 134:
"Where a gift is to persons unborn or unascertained, there is a contingency as to the person. In the case of a gift to a class surviving a life tenant, the persons are unascertained and cannot be ascertained until the life tenant's death."
The text so recited is supported by the decision of the Court of Errors and Appeals in Cantine v. Brown, 46 N.J. Law 599.
In Cain v. Belden, 93 N.J. Eq. 576, 578; 117 Atl. Rep. 39,
Vice-Chancellor Backes in discussing the Cantine Case, remarked: *Page 193 
"The thing uncertain, besides the uncertainty of the sisters surviving, was, the surviving children. Others might come into being and survive, while those who joined in the conveyance might pass away before the life tenant. There, the contingency was as to the persons in whom the estate may vest, and the court so indicated and held the remaindermen-apparent had nothing to grant."
In Tantum v. Campbell, 83 N.J. Eq. 361; 91 Atl. Rep. 120,
the devise after a life estate was as follows: "and after the decease of my said daughter Catherine, I give and devise the said lot of land and dwelling to the lawful issue of her begotten, her surviving, to hold in equal shares as tenants in common in fee-simple." Chancellor Walker (at p. 367) concluded: "It is plainly apparent that the remainder to the issue of Catherine Campbell was contingent as to the persons who should take."
In Teets v. Weise, 47 N.J. Law 154, the Court of Errors and Appeals announced that a devise to A for her life, and at A's death to her children who may be living at the time of A's decease, vests no estate in a child of A who predeceases her: the gift was contingent. Additionally the author of the opinion declared "The language limiting the estate to the children and grandchildren of his daughter who might be living at the time of her death, is of the substance of the devise, and does not refer to the time of enjoyment. When the event specified is annexed to the devise itself, the estate does not vest unless the event happens." Moreover, in that case the following principle expressed by Chancellor Green in Van Tilburgh v. Hollinshead,14 N.J. Eq. 32, was approved: "The rule is that where an interest is given to one for life, and after his death to his surviving children, they only can take who are alive at the time the distribution takes place and the estate is therefore contingent." See, also, Dutton v. Pugh, 45 N.J. Eq. 426;18 Atl. Rep. 207; affirmed, sub nom. Jones v. Jones, 46 N.J. Eq. 554; 21 Atl. Rep. 950; Meeker v. Meeker, 61 N.J. Law 146;38 Atl. Rep. 749.
Tiffany, in his work on Real Property, volume 1, section 136. page 489, states: *Page 194 
"A gift in remainder to those of a class of persons who may be surviving at a future time, as at the termination of the particular estate, is contingent because, till then, the remaindermen cannot be ascertained. So, a gift to A for life, with a remainder to his children or his issue living at his death, creates a contingent remainder, since the remaindermen cannot be ascertained till A's death."
Counsel for the complainant undertakes to ascribe influential significance to the use by the testator of the words "such issue to take the parents share or shares." It is asserted that the presence of the words "parents share" limits the word "issue" to children and eliminates more remote descendants of the grandchildren. This assertion is undoubtedly tenable. The word "issue" is so restricted whenever coupled with the phrase "parents share." Coyle v. Coyle, 73 N.J. Eq. 528;68 Atl. Rep. 224; Dennis v. Dennis, 86 N.J. Eq. 423; 99 Atl. Rep. 889;Price v. Sisson, 13 N.J. Eq. 168, 178; Pierson v. Jones,108 N.J. Eq. 453; 155 Atl. Rep. 541; In re Fisler, 131 N.J. Eq. 310.
The point is then expanded to embrace the contention that the gift over to all the grandchildren vested at the death of the testator subject to be divested in the event of their death before the termination of the life estates. This is an argumentative leap to an unwarranted conclusion. The intervention is the testator's will, which clearly exposes his intention and his intention must prevail. The testator in employing the words "such issue to take the parents share or shares" is obviously endeavoring to clarify his meaning of the words "share and share alike." The meaning thus elucidated is apparent. The gift over is to the grandchildren then living and to the children of any deceased grandchild. The children of any deceased grandchild are to take the share their parent would have received if he had lived to be a taker. The testator desired the division to follow stirpical lines rather than per capita.
The testamentary gift in Clement v. Creveling, 83 N.J. Eq. 318; 91 Atl. Rep. 89, is dissimilar. There the testator created life estates and then the remainder to his lawful heirs, the child of any deceased heir to take the parent's share. He did not give to "my then living heirs" or "to my heirs, then living," which, if so expressed, would bear a resemblance *Page 195 
to the gift in the present case. So, also, in Cowan v. Storms,121 N.J. Law 336; 2 Atl. Rep. 2d 183, the devise was unidentical in that the gift in this cited case was of a life estate to the testator's children, the fee to their issue perstirpes and if a child did not have issue surviving at distribution, that share was given per stirpes to the other issue. Mr. Justice Heher resolved that the interest of a child of one of the life tenants — that life tenant having died — was vested. Here, however, the gift was not to children and if some die, to their issue. The gift designed by the testator in the present will is to the grandchildren surviving the last life tenant and to the surviving issue of previously deceased grandchildren. One of the life tenants is living. The distinction may seem to be slender but it is one on which the decisions in a rather difficult field apparently rest.
The interest of the bankrupt is undoubtedly contingent. The decisions already cited, principally, Wilkinson v. Sherman,supra; Cantine v. Brown, supra; Cain v. Belden, supra;Tantum v. Campbell, supra, also impel the conviction that the present interest of the bankrupt as a grandchild of the testator is contingent as to the person in whom it may ultimately vest.
The most impressive overture in defense of the bill inheres in the contention that although the contingent interest of the bankrupt is not assignable or transferable at law by statute (R.S. 46:3-7), it is nevertheless assignable in equity and that it is therefore a property interest which on the date of the filing of the petition of bankruptcy, the bankrupt could by some means have transferred. See 11 U.S.C.A. § 110, subsec. (5),supra.
Originally, remainders while subject to a condition precedent were regarded as mere "possibilities." The recognition of such remainders as "interests" was evolutionary. Gradually the English law permitted these interests to be released, to be assigned in equity, to be effectively transferred by an assignment or conveyance creating an estoppel against the grantor. In America a similar evolutionary process has been apparent. Many states have by statute expressly declared remainders subject to a condition precedent and executory *Page 196 
interests to be freely transferable. In our own state, remainders solely contingent as to an event are by statute capable of intervivos disposition. The tendency toward transferability of contingent remainders and mere expectancies is manifest.
Although a remainder contingent as to the person in whom it will vest is not assignable at law in our state, yet it would seem to be assignable in equity and if assigned for a valuable consideration and without fraud, the assignment will be enforced in equity, when the contingent remainder has changed into avested interest or possession. Bacon v. Bonham, 33 N.J. Eq. 614; Hannon v. Christopher, 34 N.J. Eq. 459; Order ofHeptasophs v. Dailey, 61 N.J. Eq. 145; 71 Atl. Rep. 277;Fidelity Union Trust Co. v. Reeves, 96 N.J. Eq. 490;125 Atl. Rep. 582; affirmed, 98 N.J. Eq. 412; 129 Atl. Rep. 922. Our own reported cases relating to the assignability of contingent remainders in equity have not created a distinction between remainders contingent as to event and those contingent as to person.
And so, in the consideration of the present motion, the lines of reasoning seem to converge and lead toward the single question, whether such a contingent remainder assignable in equity but only enforceable in equity if and when the contingency which vests the interest or estate in the assignor has occurred, is a property interest which the contingent remainderman "could by any means have transferred."
The Bankruptcy Act is, of course, a federal law, and it is the appropriate function of the federal courts to interpret the words "could by any means have transferred." In re Moore (D.C.),22 Fed. Rep. 2d 432; In re Landis (C.C.A.),41 Fed. Rep. 2d 700.
It was previously observed, however, that the local law governs the question whether an interest is assignable or transferable or leviable under the Bankruptcy Statute. Thummess v. VanHoffman, 109 Fed. Rep. 2d 293; Horton v. Moore,110 Fed. Rep. 2d 189; cert. den. 61 S.Ct. 173; 311 U.S. 728;85 L.Ed. 474; Spindle v. Shreve, 111 U.S. 542; 4 S.Ct. 522;28 L.Ed. 512; Thompson v. Fairbanks, 196 U.S. 516, 522;25 S.Ct. 306; 49 L.Ed. 577; Dooley *Page 197 
v. Pease, 180 U.S. 126; 21 S.Ct. 329; 45 L.Ed. 457; Suskin Berry, Inc., v. Rumley, 37 Fed. Rep. 2d 304; In re JerseyIsland Packing Co., 138 Fed. Rep. 625; In re Baudouine,101 Fed. Rep. 574. See Reilly v. Mackenzie, 151 Md. 216;134 Atl. Rep. 502, 504; 48 A.L.R. 778.
It is clear that under the language of the Bankruptcy Act all property vests in the trustee which prior to the filing of the petition the bankrupt could by any means have transferred under the local law. Therefore transferability under the local law is the determining factor. Page v. Edmunds, 187 U.S. 596, 601;23 S.Ct. 200; 47 L.Ed. 318; Horton v. Moore (C.C.A., Mich.),40 Fed. Rep. 2d 189.
It was declared by the Circuit Court of Appeals (Seventh Circuit) in the Landis Case, supra, "If the transfer of such an interest can be eventually effectuated by any act of the bankrupt, whether by estoppel, contract of sale, equitable assignment or any other means, it certainly comes within the purview of the statute and the interest passes to the trustee." In that case it was recognized that an equitable assignment of a contingent remainder could be made, in Illinois.
It is, however, discerned that in all of the decisions cited by counsel for the complainant, the action or proceeding to acquire the previously contingent interest or estate of the bankrupt was instituted after the contingency had in fact occurred and the interest or estate had thereby vested in the bankrupt. Here, the interest of the bankrupt is still contingent. Our courts, as previously stated, have held that an equitable assignment of a contingent remainder "takes effect when the possibility ripens into an actuality" or "the assignment will be enforced in equity when the expectancy or possibility has changed into a vested interest or possession."
The recent case of Equitable Life Assurance Society v.Patzowsky, 128 N.J. Eq. 579; 17 Atl. Rep. 2d 794;
affirmed with modifications in 131 N.J. Eq. 49; 23 Atl. Rep.
2d 561, in which the factual circumstances are similar to those of the present case, requires analytical consideration.
In that cause the bill was filed by a creditor who had obtained a judgment against the contingent remainderman and had issued execution which was returned nulla bona. *Page 198 
In the instant case, the Bankruptcy Act ordains that a trustee shall be deemed vested as of the date of bankruptcy with all the rights, remedies and powers of a judgment creditor then holding an execution duly returned unsatisfied. 11 U.S.C. § 110(c). The object of the bill filed by the judgment creditor in theEquitable Life Case was to set aside as fraudulent an assignment made by the debtor of his interest in certain trust funds created by the will of his deceased father. The testator had established three trust funds for his three daughters with provisions that the income be paid to the beneficiary named for life and at her death the corpus be paid to her issue and if she should die without issue or if any issue should die before reaching the age of twenty-one years, the corpus be paid to Patzowsky (the judgment debtor). True, at the time of the hearing the three daughters were in their late fifties and childless but the law supplies no conclusive presumption that they will die without issue. In re Smith, 94 N.J. Eq. 1; 118 Atl. Rep. 271;Riley v. Riley, 92 N.J. Eq. 465; 113 Atl. Rep. 777; Oleson v.Somogyi, 93 N.J. Eq. 506; 115 Atl. Rep. 526; Graves v. Graves,94 N.J. Eq. 268; 120 Atl. Rep. 420; Cross v. French, 118 N.J. Eq. 85; 117 Atl. Rep. 456; affirmed, 119 N.J. Eq. 563;182 Atl. Rep. 835. The remainder to Patzowsky, the judgment debtor, seems, at least to me, to be at present contingent. The remainderman is definitely named but the vesting of the corpus
of the trust in him is assuredly contingent as to the event. An examination of the pleadings in that cause discloses that the complainant alleged the debtor's interest in remainder to be vested and the assignor and assignee of the interest averred in their answers that the interest was contingent. The character of the interest and its assignability are not discussed by the learned Vice-Chancellor or commented upon in the opinion of the appellate court. Presumably the subject was not debated by counsel because the judgment debtor was desirous of sustaining the assignment and the judgment creditor was endeavoring to reach the interest with its unsatisfied judgment. Of course, if the interest held by Patzowsky is contingent as to event only, which I apprehend it to be, it is an assignable interest *Page 199 
under our statute. R.S. 46:3-7. The statute forbids only the transfer of those interests contingent as to the person.
In the present case, the real effort of the complainant as trustee is to establish his right to the contingent interest of the bankrupt for the benefit of creditors to the end that he, as trustee, may annul an assignment of the interest heretofore made by the bankrupt and also inquire into the present quantum and value of the principal now possessed by the surviving life tenant. In the Equitable Life Case, supra, a decree was advised setting aside the assignment while it was still subject to the contingency and the court, through a receiver, assumed control of the contingent interest. On appeal, the decree was modified, but only to the extent that there be impressed on the debtor's interest a lien of the judgment creditor and that the receiver refrain from selling or disposing of the interest until actually vested in the judgment debtor. Significantly, this modification of the decree produces a result intrinsically conformable with the decision in Bacon v. Bonham, supra.
Moreover, it is perceived that in the Equitable Life Case, the cause had already progressed to a final decree and that two questions were then projected for solution, on appeal: (1) Can an assignment for a valuable consideration nevertheless be a fraudulent conveyance under our statutory law where it was consummated in bad faith? (2) Should the interest fraudulently assigned be sold prior to the occurrence of the event which vests it in the possession of the assignor? The determination of the former question is irrelative here. The adjudication of the succeeding question negates execution until the interest vests in the judgment debtor.
In pari materia is the more recent decision of Vice-Chancellor Woodruff in Stokely Bros. Co., Inc., v.Conklin, 131 N.J. Eq. 552; 26 Atl. Rep. 2d 147, in which it was held that an agreement to assign money to be earned in the future under an existing contract is treated, in equity, as an assignment pro tanto of the fund when, and only when, the probable debt becomes an enforceable money liability and that the equitable title to the money, when earned, is vested in the assignee, subject to the existing equities and prior charges thereon. *Page 200 
I have resolved that in view of our existing statutory law and in concert with our previous cognate decisions, a remainder contingent as to the person is not assignable at law and that its assignment will not be enforced in equity until it vests in possession and that, while contingent as to the person to take, it is not an interest which under our law the contingent remainderman "could by any means have transferred."
This conclusion sustains the motion to strike the first alleged cause of action in the bill. An order in conformity with this determination will be advised.