[Civ. No. 27635.    Second Dist., Div. Two.    July 20, 1964.]

Estate of IRVING GARNER, Deceased. FLORA P. ROTH-
STEIN et al., Petitioners and Appellants, v. CITY OF
HOPE, Objector and Respondent.

Gyler & Gottlieb, Leslie B. Joseph and Emanuel Gyler for Petitioners and Appellants.

Myron W. Curzon for Objector and Respondent.

HERNDON, J.—Flora P. Rothstein, Kate Kashinsky, Isabelle Gordon and Lucy Rosen, hereinafter referred to as appellants, have taken this appeal from that portion of the judgment determining interests in this estate adversely to their contentions and in favor of the City of Hope, hereinafter referred to as respondent.

The will admitted to probate herein is holographic; it almost completely covers both sides of a single piece of paper. It reads as follows:

"March 11, 1959

"I, Irving Garner formerly known as Israil Jarnewsky or Israel Jarnewsky of 725 Witmar St. of the City of Los Angeles, State of California, due hereby make, publish and declare this to be my last Will and Testament.

"My will is as follows

"1. I direct my executor to pay all my just debts and burial expenses as soon after my decease as may be practicable.

"2. I give and bequeath the sum of Five thousand ($5000.00) Dollars to my nephew Melvin Garner, the son of my brother Benjamin Garner and if he predeceases me, to his heirs.

"3. I give and bequeath the sum of Five thousand ($5000.00) to my nephew Herbert Garner, the son of my brother Benjamin Garner and if he predeceases me, to his heirs.

"4. I give and bequeath the sum of Five thousand ($5000) Dollars to my nephew Joseph Garner, the son of my brother Jacob Garner and if he predeceases me to his heirs.

"5. I give and bequeath the sum of Five thousand ($5000) Dollars to my niece Flora Poss the daughter of my sister Anna Poss and if she predeceases me to her heirs.

"6. I give and bequeath the sum of Five thousand ($5000) Dollars to the following nieces- Flora, Katy, Isabella and Lucy, the daughters of my sister Dora Poss and if any of them predecease me to their heirs.

[end of first page of will]

"7. I give and bequeath the sum of Five thousand ($5000.00) Dollars to my sister-in-law Molly Garner and if she predeceases me to her heirs.

"8. All estate inheritance, transfer, succession and other death taxes and duties of any nature which may be assessed or imposed upon or with respect to the legecies provided in and by the Will shall be paid out of my residuary estaste as an expense of administration.

"9. I give and bequeath the rest of my estate to the City of Hope - Duarte, California.

"10. If any of the beneficiaries under this Will shall object to the probate of this Will, or in any wise, whether directly or indirectly contest or aid in contesting the same or any of the proviseons thereof, or the distributeon of the whole or any part of my estate thereunder, then, and in every such event, I annul my bequest herein made to such beneficiary, and it is my will that such beneficiary shall be absolutely barred and cut off from any share in my estate and I direct that said bequest be part of my residuary estate.

"11. I nominate, constitute and appoint the Bank of America whose main offices *is* located at 7th and Spring St. in the City of Los Angeles, State of California as executor of this Will and I direct that no bond or other securety be required from them for the faithful performance of their duties.

> "Irving Garner
> "March 11, 1959."

It is the contention of the appellants that since "an uncertainty arises upon the face of [the] will, as to the application of . . . its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, . . . " (Prob. Code, § 105.)

More particularly, appellants argue that when a testator has made specific bequests of $5,000 each to the natural objects of his bounty, his nephews and nieces, the children of his specified brothers and sisters, except one sister-in-law, and then gives and bequeaths "the sum of Five thousand ($5000) Dollars to the following nieces-" (specifically naming them and identifying them as the daughters of another sister), it is unclear whether he wished them each to receive the specified sum or whether he wished them to receive the single sum as tenants in common.

Respondent, by its answer to appellant's petition, took the

position that "the language of the Will is clear and speaks for itself." The trial court's findings of fact were in favor of respondent. Its fifth finding reads as follows: "That the language of Paragraph 6 of the Will of Irving Garner *is not ambiguous* in that each person designated therein, namely Kate Kashinsky, Flora P. Rothstein, Isabelle Gordon and Lucy Rose, is entitled to $1,250.00." (Italics added.)

We regard this finding as legally untenable. Whatever may be the proper construction of paragraph 6 of the testator's will, we think it manifest that its provisions are unclear and ambiguous. Neither appellant nor respondent has cited any California decision which bears directly on this point and the decisions from other jurisdictions have reached conclusions which, although they superficially may appear conflicting, actually are reasonable and consistent interpretations made in the light of their differing factual situations. Respondent does rely on the 1896 decision of the superior court case of *Estate of Dager,* reported in 4 Cof. Prob. Dec. 22. However, we are unable to perceive sufficient similarity in the wills involved in *Dager* and the instant case to render the former a guide here. And it must be noted that the provisions of the *Dager* will were found to be ambiguous.

In the *Dager* case the testator, a former sea captain, had heard nothing of his own relatives or of those of his predeceased wife for many years. He caused a will to be drafted in which seven of the first nine bequests were clearly class gifts "to the heirs" of his or his predeceased wife's relatives. The fifth and sixth bequests were to a single named devisee and the eleventh bequest provided: "I give and bequeath to Mrs. Minna Marvin, of Sutter County, State of California, the sum of one thousand dollars ($1000), and to her daughter, Caroline Freese Marvin, the sum of five hundred dollars ($500)." The tenth bequest which was deemed ambiguous and which was the subject of construction in *Dager,* provided as follows: "I give and bequeath to the heirs of George and William Knauer, brothers of my late wife, late of Misburg, Hanover, Germany, deceased, the sum of five hundred dollars ($500)."

No party to the proceedings contended that the various unknown and unnamed "heirs" of George and William Knauer were entitled to $500 each. The decision held only that, in the light of the extrinsic evidence which had been received, it was proper to hold that by "heirs" the testator

had meant children and therefore the "heirs," i.e., the children, of William Knauer were entitled to take even though William was still living. Secondly, it was held that the "heirs," i.e., children, of both George and William took as a class per capita rather than per stirpes through their fathers.

Obviously, then, the *Dager* decision is of no assistance here, because it is not contended that by any reasonable construction of the instant will could paragraph 6 be regarded as constituting a single gift to a class of persons. "A class gift is the gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, and who are all to take in equal or some other definite proportions, the share of each being dependent for its amount on the ultimate number of persons." (53 Cal.Jur.2d, Wills, § 273, p. 533, and cases cited.) All parties here concede that each named niece is a direct and specific legatee, whose bequest, if she had predeceased the testator, would have passed to her heirs. The sole dispute is as to the amount of the bequest passing to each of them, i.e., $5,000 or $1,250.

Regardless of whether respondent's or appellants' construction of paragraph 6 of the instant will is adopted, it is manifest that some words presumably "missing" would have to be inserted to render it unambiguous. For example:

(1) "I give and bequeath the sum of Five Thousand ($5000) Dollars [to be equally divided among] the following nieces- Flora, Katy, Isabelle and Lucy, the daughters of my sister, Dora Poss and if any of them predecease me [then her share] to [her] heirs''; or (2) "I give and bequeath the sum of Five Thousand ($5000) Dollars to the following nieces- Flora, Katy, Isabelle and Lucy, the daughters of my sister, Dora Poss [share and share alike] and if any of them predecease me [then her share] to [her] heirs''; or (3) "I give and bequeath the sum of Five Thousand ($5000) Dollars [each] to the following nieces- Flora, Katy, Isabelle and Lucy, the daughters of my sister, Dora Poss and if any of them predecease me to their heirs''; or (4) "I give and bequeath the sum of Five Thousand ($5000) Dollars to [each of] the following nieces- Flora, Katy, Isabelle and Lucy, the daughters of my sister, Dora Poss and if any of them predecease me to their heirs.''

In each of the decisions from other jurisdictions cited by respondent the testator whose will was considered therein either had used the word "each" in those dispositive pro-

visions by which he intended each person to receive a designated sum (*Succession of Vatter,* 192 La. 657, 661, 667 [188 So. 732]; and *In re Hawgood's Estate,* 37 S.D. 565, 579-580 [159 N.W. 117]), or a number system which distinguished individual bequests from joint bequests. (*Belkin* v. *Ray,* 142 Tex. 71, 72-75 [176 S.W.2d 162].) Such aids, of course, are not provided by the language of the instrument here involved.

The case that appears most similar to our own is *In re Smith,* 94 N.J. Eq. 1 [118 A. 271]. There item 4 of the probated will provided as follows: " 'I give and bequeath to my children Sarah Frances Smith, William Henry Smith and Mary Anetta Smith the sum of $1,000 to be paid to the said Sarah and William H. Smith as soon as conveniently can be after my decease and to Mary Anetta Smith in the following manner, that is to say: to her mother my wife Sarah Elizabeth Smith in trust for her until she arrive at the age of 21 years then the principal and accrued interest shall be paid to her.' " (P. 2 [118 A. at p. 271].)

The New Jersey court approached and disposed of the issue as to the proper interpretation of this item as follows (pp. 3-4 [118 A. at p. 272]) : "The first question to be solved is, Is the legacy of $1,000 a gift of that amount to each of testator's three children, or of that sum to be divided among them?

"In *Taylor* v. *Tolen,* 38 N.J. Eq. 91, Chancellor Runyon, quoting the bequest on p. 93, which is to the 'Rochester New York Theological Seminary and to Hamilton Theological Seminary $10,000,' states (at p. 97) that a question was raised on this bequest whether the legacy was of $10,000 to both, or of that sum to each, and observed that it was $10,000 to each and not that sum to the two; that the testator did not say, 'I give to the two $10,000, but to one and [also] to the other that sum.'

"This is entirely apposite as a precedent and quite dispositive of the question in favor of the petitioners, . . ."

Although none of the reported decisions above cited provides us with a definitive guide to the construction of the sixth paragraph of the instant will, an analysis of them does support our conclusion that the terms of this paragraph are definitely ambiguous and, therefore, subject to resolution by way of the receipt and consideration of extrinsic evidence.

The evidence offered in the trial court was in the form of

an affidavit of one of the petitioners herein which was received under a stipulation that if the affiant had been called as a witness she would have testified in the manner set forth therein. Since the trial court mistakenly had held the testator's will to be unambiguous, it could not have considered this proffered evidence. Let us now consider an appropriate construction of the present will in the light of extrinsic evidence which was offered.

The uncontradicted and unchallenged evidence contained in the affidavit discloses the following circumstances under which the will was made. The testator never married and died without issue. He was the youngest of seven children, and all of his brothers and sisters predeceased him leaving issue surviving them as follows: (1) Sarah Drucker, sister, four adult issue; (2) Anna Poss, sister, four adult issue; (3) Dora Poss, sister, four surviving issue; (4) Benjamin Garner, two adult issue; (5) Samuel Garner, two adult issue; and (6) Jacob Garner, two adult issue.

The affidavit further states: "[T]he deceased IRVING GARNER resided in the State of California for many years and all of his brothers and sisters resided in New York City, New York and during the past many years of deceased's life, when he visited in New York, he primarily visited with his brother Benjamin Garner and his sister Dora Poss since he was closer to them than to his other brothers and sisters."

Viewing the will as a whole, it seems clear that the testator exercised discrimination in declaring the objects of his bounty. Thus, he made bequests to each of the two children of his brother Benjamin, but to only one of the two children of his brother Jacob. He also made a bequest to one of the four children of his sister, Anna Poss, but left nothing to the children of his sister, Sarah Drucker, or his brother, Samuel Garner. The declaration does not disclose whether or not he had any other surviving sisters-in-law, but in his will he does provide a bequest for one such nonblood relative, namely, Molly Garner. In short the only real or apparent consistency in his distribution of his bounty is that each and every object thereof received the exact sum of $5,000.

Since an "uncertainty" exists on the face of the will, it is also proper to "consider such matters 'as the size of the estate, the property involved in the gift, the circumstances of the parties and their relation to each other and to the testator.' " (*Estate of Sargavak*, 41 Cal.2d 314, 319 [259 P.2d 897].) The present estate has a value in excess of

$100,000. Must it necessarily be assumed that the testator intended to give the specifically named daughters of his "closest" sister only $1,250 from his sizeable estate while leaving exactly $5,000 to every other named devisee? We cannot so hold.

Both parties to this appeal urge reasonable arguments in support of their conflicting interpretations, each purportedly derived from a consideration of the grammatical construction of paragraph 6 of the will in the context of the whole. Each such argument, however, ultimately is founded upon a necessarily unsupported and preconceived assumption as to the testator's actual intent. That is, certain rules of construction are offered and applied to "demonstrate" the testator's "true intent," and then the intent thus reached is used to justify the application of the rules of construction initially adopted.

We consider only two conclusions to be clearly required: (1) Paragraph 6 of the will is ambiguous and uncertain, and (2) no rule of construction can be applied which will establish the testator's actual intent with certainty. We therefore follow "the settled rule that if there is any doubt or uncertainty as to the testator's intent, an interpretation will be adopted which prefers his natural heirs as against strangers [citations]." (*Estate of Salmonski,* 38 Cal.2d 199, 213 [238 P.2d 966].) We are further inclined in this direction by the observation that while the specific bequests in the will under this interpretation will amount to $45,000 rather than $30,000 as urged by respondent, nevertheless, respondent, under either interpretation, will be the recipient of the greater part of the testator's estate.

We are aware, of course, of the rule urged by respondent that where the construction given a will by the trial court is reasonable and appears to be consistent with the testator's intent, a reviewing court will not substitute another construction though the other construction might seem equally reasonable. (*Estate of Northcutt,* 16 Cal.2d 683, 690 [107 P.2d 607].) However, this rule is inapplicable here because the trial court erroneously held the will to be unambiguous. Therefore, we do not reach the question whether an alternative construction arrived at after a consideration of all competent, material and relevant evidence would have been sustainable upon appeal.

The portion of the judgment under review is reversed and

the cause is remanded for further proceedings not inconsistent with the views herein expressed.

Fox, P. J., concurred.

Ashburn, J.,* dissented.

A petition for a rehearing was denied August 17, 1964. Ashburn, J.,* was of the opinion that the petition should be granted. Respondent's petition for a hearing by the Supreme Court was denied September 18, 1964.

*Retired Justice of the District Court of Appeal sitting pro tempore under assignment by the Chairman of the Judicial Council.